UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| GREGORY GOETZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2: 11-159-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOSEPH MEKO, | ) | |
| Warden, Little Sandy Correctional | ) | **MEMORANDUM OPINION** |
| Complex | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

This matter is pending for consideration of Petitioner Gregory Goetz's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254.  [Record No. 1]  Consistent with local practice, this matter was referred to United States Magistrate Judge Edward B. Atkins for initial consideration pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge filed his Report and Recommendation ("R&R") on May 24, 2012.  [Record No. 15]  Based on his review of the record and the applicable law governing the motion, Magistrate Judge Atkins recommended that Goetz's motion be denied.  Goetz filed timely objections to the R&R on June 12, 2012.  [Record No. 18]

Although this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those

-1-

findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Further, a general objection to the entirety of a magistrate judge's report has the same effect as a failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Having reviewed *de novo* the portions of the Magistrate Judge's report to which objections have been made, the Court concludes that Goetz's objections are without merit. Accordingly, for the reasons discussed more fully below, all relief sought by the petitioner will be denied.

## I.

The factual history is uncontested. Prior to noon on July 3, 2003, Goetz took an Oxycontin pill, a syringe full of methamphetamine, heroin, cocaine, or some combination of these drugs, together with one or two handfuls of Klonopin pills. [Record No. 15, p. 2 (citing *Goetz v. Commonwealth*, No. 2004-SC-001002-MR, 2007 WL 3225437, at *1-3 (Ky., Nov. 1, 2007)].[1] Around 1:00 p.m. on the same day, Goetz entered Martin's Pharmacy, where he brandished a handgun, pointed it at a pharmacy technician, and demanded the pharmacy's "C2" pills. [*Id.*] In response, the pharmacist emptied the contents of three drawers of pills, put the pills into a sack, and handed them to Goetz. [*Id.*] After Goetz left the pharmacy, a high speed chase ensued. [*Id.,* p. 3]. Goetz testified that he "blacked out" during the events leading up the chase,

---

[1] The Court notes that the R&R cites the Kentucky Supreme Court decision as 2007 WL 3224537, when in fact it is 2007 WL 3225437. [*See* Record No. 15, p. 4]

and it was only during this police chase that his blackout ended. [*Id.*] Officers eventually found Goetz at his brother's auto shop with the pills and a gun. [*Id.*]

Considerable evidence was introduced at trial to rebut the claim that Goetz had blacked out during the commission of crime. For example, the Kentucky Supreme Court noted that witnesses who encountered Goetz that day testified that he did not appear to be intoxicated or under the influence of drugs. *Goetz*, 2007 WL 3225437, at *8. He wore a hat and sunglasses to conceal his face and took his newly acquired gun with him *Id.* He was able to drive his vehicle, and "not only flee from police at high speeds but to elude them." *Id.* In addition, he concealed from police the pill bottles and the gun, lied about having had a wreck to obtain a ride, and formulated a plan for where to go after his ride. *Id.*

Prior to trial, the court granted the prosecution's motion to exclude evidence that Goetz's drug problem afforded him any form of insanity defense. The trial court relied on *Lickliter v. Commonwealth*, 142 S.W.3d 65, 68-69 (Ky. 2004), which states that drug addiction, by itself, is not a disease constituting or leading to mental illness so as to afford a defense to a criminal charge. *Goetz,* 2007 WL 3225437, at *2.

Goetz was tried on October 25 and 26, 2006. [*Id.*, p. 3] Defense counsel did not offer a jury instruction on voluntary intoxication, wanton endangerment or regarding any lesser included offense. Defense counsel later testified that his strategy was to "go for broke" and get an acquittal, rather than to aim for a guilty plea on a lesser included offense. [Record No. 15*,* p. 13] This strategy was unsuccessful, however. Goetz was found guilty of robbery in the first degree, and the jury recommended a sentence of 20 years. The jury also found Goetz guilty of

being a Persistent Felony Offender in the first degree, which enhanced his sentence to 50 years. [*Id.*, pp. 3-4]

On direct appeal to the Kentucky Supreme Court, Goetz alleged that the trial court erred by:

> (1) excluding evidence that his drug addiction affected his ability to conform his conduct to the law; (2) denying his request for an insanity defense instruction; (3) failing to instruct the jury on the defense of intoxication and the lesser included offense of second degree wanton endangerment (which was an unpreserved error); and (4) denying his pro se motion to dismiss his attorney.

[*Id.*, p. 4] The Kentucky Supreme Court affirmed the conviction and sentence on November 1, 2007. *See Goetz,* 2007 WL 3225437, at *10.

On September 17, 2008, Goetz filed a motion to vacate his conviction and sentence pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure. He argued that his court-appointed counsel rendered ineffective assistance by:

> (1) failing to request a voluntary intoxication and wanton endangerment instruction after presenting a defense of voluntary intoxication; (2) failing to advise Goetz that his status as a convicted felon would be revealed if he testified at trial; (3) failing to properly prepare witnesses in advance of trial; and (4) failing to present any mitigating evidence at sentencing.

[Record No. 15, p. 5] Following a hearing on this motion, the Campbell Circuit Court denied Goetz's request for relief in a 32-page opinion. [*Id.*] On appeal, the Kentucky Court of Appeals affirmed the denial of Goetz's Rule 11.42 motion. *Goetz v. Commonwealth*, No. 2009-CA-001941-MR, 2011 WL 1196672 (Ky. App., Apr. 1, 2011).

After exhausting his state remedies, Goetz filed the present writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges the same errors raised in his direct appeal to the

Kentucky Supreme Court and his Rule 11.42 appeal. [Record No. 1] Additionally, the petitioner has filed a motion to expand the record [Record No. 11], and a motion for an evidentiary hearing. [Record No. 10]

## II.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may be granted only if the state-court decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Under the "contrary to" test, "a state court's decision is contrary to clearly established Federal law if it (1) arrives at a legal holding that contradicts a Supreme Court case, or (2) involves facts that are materially indistinguishable from a Supreme Court case but nonetheless arrives at a substantially different result." *Jones v. Jamrog*, 414 F.3d 585, 591 (6th Cir. 2005) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). An unreasonable application of clearly established federal law occurs "when a state-court decision unreasonably applies the law of [the Supreme] Court to the facts of a prisoner's case." *Id.* In determining whether a case involves an unreasonable application of Federal law, the question is whether the state court decision was "objectively unreasonable" and not simply erroneous or incorrect. *Williams*, 529 U.S. at 409-11.

## III.

Goetz has not shown that any decision by any Kentucky court was contrary to, or involved an unreasonable application of, federal law. His first objection deals with ground one of his § 2254 petition, where he argues that his trial counsel rendered ineffective assistance of

counsel by failing to request a jury instruction on voluntary intoxication and wanton endangerment. During Goetz's Rule 11.42 appeal to the Kentucky Court of Appeals, the court applied the well-established ineffective assistance of counsel standard of *Strickland v. Washington*, 466 U.S. 668 (1984), and found that counsel's performance was not ineffective by failing to request this instruction. *Goetz,* 2011 WL 1196672, at *6. Applying *Strickland* and its progeny, the court of appeals reasoned that counsel's strategy to pursue an acquittal rather than a conviction on a lesser included offense was a reasonable strategy under the circumstances.[2] *Id.* Although he clearly disagrees with this decision, Goetz does not assert in his objection that it is an unreasonable application of well-settled federal law. The court applied the appropriate federal standard under *Strickland*, and the result and reasoning are consistent with Supreme Court precedent. Therefore, the Court finds that Goetz's first objection lacks merit.

Goetz's second and third objections deal with grounds two and three of his § 2254 motion, where he argues that his trial counsel rendered ineffective assistance by failing to advise Goetz that his status as a convicted felon could be brought up if he testified at trial, and where counsel failed advise the witnesses not to reference Goetz's status as a convicted felon. The

---

[2] At Goetz's hearing on this issue, the trial court found this to be reasonable trial strategy for three reasons:

> First, evidence presented by the Commonwealth in support of a conviction for intentional first degree robbery was overwhelming. Second, in light of Goetz's refusal to accept the Commonwealth's offer of twenty[-]three years because he felt the sentence was too great, it was reasonable to not pursue a course of action that may have resulted in a sentence of twenty[-]five years, two years more than the Commonwealth's [sic] offered. Third, contrary to Goetz['s] assertions, it is clear that Knoebber [trial counsel] prepared and presented a reasoned defense.

[Record No. 7, p. 18]

Kentucky Court of Appeals found that Goetz's trial counsel was deficient under *Strickland* in not preparing Goetz to take the stand in light of his criminal history.[3] *Goetz,* 2011 WL 1196672, at *7. However, it reasoned that Goetz did not suffer prejudice as a result of this deficient performance, because the trial court properly admonished the jury regarding his status as a convicted felon. *Id.* (citing *Johnson v. Commonwealth,* 105 S.W.3d 430, 441 (Ky. 2003). "A jury is presumed to follow an admonition to disregard evidence and the admonition thus cures any error.") The Kentucky Court of Appeals also found that any "fleeting" statements by defense witnesses who referenced Goetz's criminal record were similarly cured by the jury admonition. *Goetz*, 2011 WL 1196672, at * 7

Goetz asserts that "no amount of admonishing can remove from the jury's memory that [he was] a career criminal." [Record No. 16, p. 2] On jury admonitions, the Supreme Court has found that "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Bruton v. United States,* 391 U.S. 123, 135 (1968). The court of appeals did not find Goetz's case to be such a high-risk context. As Magistrate Judge Atkins points out, the Supreme Court has also found that a well-designed jury admonition can cure prejudicial statements made during trial. *See Singer v. United States,* 380 U.S. 24, 38 (1965). It is not an objectively unreasonable application of federal law for the court of appeals to apply Kentucky law on the presumptive efficacy of jury admonitions.

---

[3] In a bench conference immediately following the question regarding Goetz's status as a convicted felon, Goetz's counsel apparently admitted to the court that he "didn't think to tell [Goetz] he has to answer yes to that question." [Record No. 15, p. 15]

Because, according to Goetz, his "objection for Ground Three [is] for the same reasons as Ground two," the Court will not address it separately. [Record No. 16, p. 2] Based on the foregoing review and analysis, the Court will overrule Goetz's second and third objections.

Goetz's fourth objection concerns ground four of his § 2254 motion, where he argues that his counsel rendered ineffective assistance by failing to present mitigating evidence during the sentencing phase of his trial. [*Id.*, p. 4] Although Goetz claims that his counsel did not present evidence during sentencing, the Kentucky Court of Appeals found that "counsel presented evidence of Goetz's drug addiction at trial and based thereon, urged the jury during the penalty phase to understand the ravages of drug addiction." *Goetz*, 2011 WL 1196672, at *7. A state court need not refer to relevant Supreme Court cases or even demonstrate an awareness of them to qualify for the deferential standard of review under § 2254. [Record No. 15, p. 18 (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)] Instead, it is sufficient that the state court's result and reasoning are consistent with Supreme Court precedent. *Slagle,* 457 F.3d at 513. This Court cannot conclude — and Goetz does not assert in his objection — that the Kentucky Court of Appeals' finding on the sentencing phase of Goetz's trial is inconsistent with Supreme Court precedent under *Strickland*. Accordingly, the Court will overrule objection four.

Goetz next objects to the Magistrate Judge's finding that his constitutional right to present a defense was not violated when the state trial court excluded evidence that his drug addiction affected his ability to conform his conduct to the law. [Record No. 16, p. 3] The trial court excluded evidence from Goetz's expert, psychologist Dr. Connor, who was prepared to testify that Goetz's drug abuse and addiction created such an urge that he could no longer make choices

based on sound reasoning.  [Record No. 1, p. 46]   The Kentucky Supreme Court held that the exclusion of this evidence did not violate his constitutional right to present a defense, because Goetz was able to produce other evidence to support his defense.

The Court agrees with the reasoning of the Kentucky Supreme Court that Goetz's case differs from instances where a defendant was prevented from introducing *any* evidence in defense.  *See Crane v. Kentucky*, 476 U.S. 683 (1986) (finding violations of the Sixth and Fourteenth Amendment where the trial court completely excluded the circumstances under which defendant's confession was obtained); *see also Chambers v. Mississippi*, 410 U.S. 284 (1973) (finding a Fourteenth Amendment violation where trial court excluded any evidence regarding the fact that a different person had confessed to the crime).  In the present case, there was no wholesale exclusion of Goetz's defense.  Because the Kentucky Supreme Court applied and rendered a reasonable interpretation of federal law, the Court will overrule Goetz's fifth objection.

Goetz's sixth objection concerns the finding on ground six of his § 2254 motion.  Goetz argues that he was prejudiced by the trial court's refusal to give a jury instruction on an insanity defense.  [Record No. 16, p. 4]  The Supreme Court has consistently held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  In Goetz's case, the Kentucky trial court applied Kentucky law on the issue of insanity.  The Kentucky Supreme Court found that "the trial court properly held that [Goetz] did not have a mental illness or retardation to justify an insanity instruction under Kentucky law" and that Goetz "did not establish that he developed

a mental condition from the drug use in order to fit within the definition in [Kentucky's applicable statute]." *Goetz,* 2007 WL 3225437, at *6. Goetz is asking this Court to reexamine a state-court determination on a state-law question. The Magistrate Judge found that this issue is not properly before the Court on a § 2254 petition, and this Court agrees. *See Estelle*, 502 U.S. at 67-68. Thus, the Court will overrule Goetz's sixth objection.

Objection seven deals with the Magistrate Judge's finding on the state court's denial of his *pro se* motion to have his court-appointed attorney dismissed. [Record No. 16, p. 4] The Magistrate Judge found that this issue is an evidentiary finding by a state court and thus not proper for a § 2254 motion. [Record No. 15, p. 29 ("The real issue underlying Goetz's claim in this situation is one of an evidentiary nature, and not a question of a violation of constitutional rights.")] The undersigned disagrees with this conclusion. The issue presented by Goetz on this ground alleges a violation of the Sixth Amendment, and this issue is appropriate under Goetz's § 2254 motion.

Prior to trial, Goetz filed a *pro se* motion for the appointment of new counsel. The motion stated: "theirs [sic] no way in any form do I want this man around me . . . I will not have this man go to a jury trial or talk to anyone on my behalf." *Goetz*, 2007 WL 3225437, at *9. He alleged that his attorney "would not return phone calls, would not answer letters, would not respond to [his] requests for information about the case such as the [mental health] report and other discovery materials and that [the attorney] was indifferent to his case." [Record. No. 1-3, p. 10] The trial court conducted a hearing on the motion on June 28, 2004. *Goetz*, 2007 WL 3225437, at *9. Goetz states that the hearing was conducted "off the record." [Record No. 1-3,

p. 10] The Kentucky Supreme Court stated that "[w]hile it is clear that a hearing was held, with [Goetz] and his counsel present, it was not videotaped, however, and so this Court cannot review what transpired at the hearing. What we do know from the record is that after the hearing no further complaints were made by [Goetz] regarding his attorney's performance." *Goetz*, 2007 WL 3225437, at *9 (alterations in original).

The Sixth Amendment "guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). As Goetz himself points out, the Sixth Amendment does not guarantee that a defendant will have a "meaningful relationship" with his attorney. *Morris v. Slappy*, 461 U.S. 1, 14 (1983). Because the Court has already found that Goetz's counsel did not render ineffective assistance of counsel on the alleged errors, the Court finds that Goetz did not suffer any prejudice as a result of the trial court's decision to deny Goetz's request for appointment of new counsel. For this reason, Goetz's seventh objection will be overruled.

Finally, the Court finds no error with Magistrate Judge Atkins' finding that Goetz is not entitled to an evidentiary hearing. [Record No. 15, p. 30] Section 2254(e)(2) provides that "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings," an evidentiary hearing shall only be held if

> (A) the claim relies on–
>
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Simply put, Goetz does not meet the standard for an evidentiary hearing under § 2254(e)(2). The deferential standards prescribed by § 2254 must be taken into account in deciding whether an evidentiary hearing is appropriate. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Where issues can be resolved by reference to the state court record, an evidentiary hearing is not required. *Id.* Here, the issues raised in Goetz's petition can be properly resolved by referring to the state court record. As a result, the Court will deny Goetz's motion for an evidentiary hearing.

Finally, the Court finds that Goetz is not entitled to a Certificate of Appealability regarding any issue presented for review. A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

In the present case, Goetz has not made a substantial showing of a denial of a constitutional right for the reasons discussed above. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

**IV.**

Having examined the record and made a *de novo* determination on the matters to which Goetz objects, the Court is in agreement with the Magistrate Judge's findings and recommendations. Accordingly, it is hereby

**ORDERED** as follows:

1. Goetz's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Record No. 1] is **DENIED**.

2. The Magistrate Judge's Report and Recommendation [Record No. 15] is **ADOPTED** and **INCORPORATED** by reference.

3. Goetz's objections to the Magistrate Judge's Report and Recommendation [Record No. 16] are **OVERRULED**.

4. Goetz's motions to expand the record [Record No. 11] and for an evidentiary hearing [Record No. 10] are **DENIED**.

5. This habeas proceeding is **DISMISSED** and **STRICKEN** from the docket.

This 14th day of August, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge