UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| GREGORY GOETZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2: 11-159-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOSEPH MEKO, | ) | |
| Warden, Little Sandy Correctional | ) | **MEMORANDUM OPINION** |
| Complex | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

Following the denial of his motion to vacate, set aside, or correct his sentence, *pro se* Petitioner Gregory Goetz filed motions for leave to appeal *in forma pauperis* and for a certificate of appealability. [Record Nos. 22 and 23] Having considered the materials filed by Goetz, the Court will grant the motion for leave to appeal *in forma pauperis*, but will deny the motion for a certificate of appealability.

**I.**

Rule 24 of the Federal Rules of Appellate Procedure governs motions to proceed *in forma pauperis* on appeal. A party who desires to appeal from a district court action must file a motion in the district court. Fed. Rules App. P. 24(a)(1) The party seeking to proceed without payment of fees and costs must attach an affidavit which shows the party's inability to pay, claims an entitlement to redress, and states the issues that the party intends to present on appeal. *Id*.

Goetz affidavit establishes that he presently does not have the financial resources to pay the cost of proceeding on appeal. He has not been employed since 2003 and is not receiving any money from collateral sources. Additionally, the certification of funds prepared by the Kentucky Department of Corrections indicates that Goetz has a balance of $0.33 in his inmate account. Goetz's accompanying motion for a certificate of appealability identifies the issues he intends to present on appeal. And, as a general matter, the motion states a claim for redress. Therefore, the Court concludes that Goetz is entitled to appeal without payment of costs or expenses.

**II.**

As explained in the Memorandum Opinion and Order filed on August 14, 2012, a Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

The Court previously determined that the issues raised by the petitioner do not meet this standard. Goetz has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

Notwithstanding the arguments contained in his present motion, Goetz has not shown that any decision by any Kentucky court was contrary to, or involved an unreasonable application of, federal law. Further, the issues properly raised in Goetz petition did not meet the standard for an evidentiary hearing under 28 U.S.C. § 2254(e)(2). Thus, it was not erroneous for the magistrate judge to deny that request.

### III.

Having reviewed the information and arguments contained in Petitioner Gregory Goetz's recent filings, it is hereby

**ORDERED** as follows:

1. The Petitioner's motion for leave to appeal *in forma pauperis* [Record No. 23] is **GRANTED**.

2. The Petitioner's Motion for Certificate of Appealability [Record No. 22] is **DENIED**. The Clerk of the Court shall forward a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit.

This 10th day of September, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge